## Henry Noe, Appellee, v. Shoal Creek Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

### Statement of the Case.

Action by Henry Noe, plaintiff, against the Shoal Creek Coal Company, defendant, to recover for personal injuries received while employed in a mine of defendant who had declined to accept the provisions of the Workmen's Compensation Act. [Callaghan's 1916 St. Supp. ¶ 5475 (1) *et seq.*] From a verdict and judgment for plaintiff for $400, defendant appeals.

At plaintiff's request, the court instructed the jury:

"* * * that it was the duty of the defendant in this case to have used reasonable care and prudence in furnishing to the plaintiff, at and prior to the time of the accident complained of, a reasonably safe place in which to work, and reasonably safe appliances with which to work, and to have used reasonable precaution to keep and maintain the same in reasonably safe condition; and if the jury believe from the preponderance of the evidence, that the defendant failed to perform its duty in this respect, and if you further believe from the preponderance of the evidence, that the plaintiff was thereby injured, in the manner charged in the declaration, then the jury should find the defendant guilty."

At defendant's request, the court instructed as follows:

"The court instructs the jury that unless you believe from a preponderance of the evidence, that the defendant was guilty of the negligence as charged in the declaration or some one count thereof, you should find the defendant not guilty."

HILL & BULLINGTON, for appellant.

P. McWILLIAMS, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction relating to contributory negligence is properly refused.* In an action for personal injuries brought by an employee against an employer who has refused to accept the provisions of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*], it is not error to refuse to instruct that if the jury "believe from the evidence that the plaintiff was injured by reason of his own negligence, and that the defendant was not negligent," then they shall find the defendant not guilty, where the defenses of assumption of risk and contributory negligence are conceded to be inapplicable, and the court has told the jury, in substance, that before plaintiff can recover he must prove by a preponderance of the evidence that the injury was caused by defendant's negligence.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction on contributory negligence is properly refused.* In an action for personal injuries brought by an employee against an employer who has refused to accept the provisions of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*], and in which the defenses of assumption of risk and contributory negligence are conceded to be inapplicable, it is not error to refuse to instruct as follows: "The court instructs the jury that if you believe from the evidence that the plaintiff was injured by reason of his own negligence, and that the defendant was not negligent, then you should find the defendant not guilty," where the jury have been told, in substance that before plaintiff can recover he must prove by a preponderance of the evidence that the injury was caused by defendant's negligence.

3. INSTRUCTIONS, § 151*—*when refusal of correct instruction is not error.* Even though an instruction is technically correct, a refusal to give it is not error where it has been covered in another instruction already given.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.