## JACKSON HILL COAL AND COKE COMPANY *v.* McDANIEL.

### [No. 10,711.  Filed June 8, 1921.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Defenses.— Contributory Negligence.—Rejection of Workmen's Compensation Act.*—An employer who has elected not to operate under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), is thereby debarred by the terms of the act from defending an action for injuries to an employe on the ground that the employe was guilty of contributory negligence.  p. 60.

2. MASTER AND SERVANT.—*Injuries to Servant.—Master's Violation of Statutory Duty.—Assumption of Risk.*—Even though a "jerryman" employed in a coal mine, who was required by his duties to remove loose rock overhead, timber mine entries, etc., assumed the usual risks and dangers incidental to the place of his employment, he did not assume the added dangers caused by the failure of his employer to perform its statutory duty. p. 60.

3. APPEAL.—*Review.—Instructions.— Negligence.— Recovery on Negligence Pleaded.*—In a servant's action against a coal mining company for personal injuries, an allegation in the complaint that defendant's mine boss had not visited the entry in which plaintiff was injured for more than four days prior to the accident is broader than necessary to show negligence in violating §8580 Burns 1914, Acts 1905 p. 65, which requires the mine boss to visit and examine every working place in a mine at least every alternate day, so that an instruction authorizing a recovery on the negligence pleaded in the complaint, was more favorable to the employer than it had a right to demand. p. 61.

4. MASTER AND SERVANT.—*Injuries to Servant.—Defenses.— Contributory Negligence.—Rejection of Workmen's Compensation Act.*—The failure of one employed in a coal mine as a "jerryman," whose duties were to timber mine entries, remove any loose rock which might fall, etc., to take down loose slate from the roof under which he was working and which fell and

injured him, was at the most contributory negligence on his part, which is not available to defeat his recovery where the master has elected not to operate under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918). p. 62.

5. MASTER AND SERVANT.—*Injuries to Servant.—Timbers for Use in Mine.—Statute.—Construction.*—The failure of the operator of a coal mine to keep a supply of timbers on hand at the working place of the miners, as required by §8580 Burns 1914, Acts 1905 p. 65, is not excused by the fact that the necessary timbers could have been procured by the workmen from abandoned workings, hence it was not error, in a mine employe's action for personal injuries predicating negligence on a violation of such statute, to sustain an objection to a question propounded plaintiff on cross-examination, as to whether he could not have so obtained the timbers necessary to make the mine entry in which he was injured by falling rock safe. p. 63.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Charley L. McDaniel against the Jackson Hill Coal and Coke Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Beasley, Douthitt, Crawford & Beasley,* and *Hays & Hays,* for appellant.

*George W. Wells* and *Lindley & Bedwell,* for appellee.

ENLOE, C. J.—This was an action by appellee to recover damages for personal injuries, alleged to have been sustained by appellee, while at work as an employe of appellant, in what is known as the No. 4 mine of appellant, near the town of Shelburn.

The issue was formed by a complaint in one paragraph and an answer thereto in general denial, and as thus formed, was submitted to the jury for trial, which resulted in a verdict in favor of appellee, upon which judgment was rendered, and from which judgment this appeal is prosecuted. The error assigned is the overruling of appellant's motion for a new trial.

The appellee, at the time he received the injuries for which this suit was brought, was working in the said mine of appellant as a "jerryman." He was working at day work, and his duties under his said employment, as testified to by himself and other witnesses on the trial hereof were,—to put cars on the track if they should get off; to remove any rock that might fall in said mine; to timber around the machine when that was necessary; to timber the entry, if that was necessary; to take down any loose rock overhead, if discovered by him, and it was necessary; and to get timbers, when necessary, and prop up loose slate.

The complaint charged among others, specific acts of negligence as follows, viz.: (1) Failure of the appellant company to keep constantly on hands, at appellee's working place, a sufficient supply of caps, props, cross-bars and timbers of proper length and size, so that said working place could have been properly secured and timbered and made safe; (2) failure of the mine boss to visit and examine said entry and working place at least every alternate day; (3) failure of the mine boss to examine and see that said entry and working place was properly secured by props, caps, cross-bars, etc.; (4) failure of the mine boss to see that a sufficient supply of caps, props, cross-bars and timbers of proper length and size were always on hands when needed at said working place; (5) failure of the appellant to notify appellee of the unsafe condition of said working place; (6) failure to see that no one entered said unsafe working place, while so unsafe, except for the purpose of making the same safe; (7) permitting said entry and working place to be and remain for more than two weeks, and at a time when the roof of the same was weak, dangerous, unsafe, loose and liable to fall, to be without the necessary caps, props, cross-bars and timbers; (8) negligence of the mine boss in fail-

ing and refusing, for more than four days prior to the time. of appellee's injury, to visit said entry and working place, and to examine and see that said entry and the roof thereof was securely timbered and propped, and the safety of said place assured.

On the day in question, and just prior to the time of the accident, the appellee had been working, taking up some loose rock, and had stopped for a few moments while some others, employes of appellant, loaded a car with coal which had been shot down the evening before, and which was then lying in the entry at practically the place where the appellee was taking up said stone. While waiting for this coal to be loaded the appellee was "sitting on his heels," at the side of the entry, when a large piece of slate fell from the roof of the entry, the edge of which slate struck and injured him.

The appellant first insists that the verdict is not sustained by sufficient evidence, and is contrary to law. It insists, that on the facts as shown, the appellee was not entitled to a verdict in his favor; that under the facts shown, appellant did not owe the appellee the duty of furnishing him a safe place to work; that the rule as to safe place has no application under the facts of this case, the appellee being a "jerryman."

It appears from the record in this case that the appellee at the time he was injured was working in what was designated as the "18th entry east." This entry had at that time been driven eastward for a distance of eighty or ninety feet, and the miners were preparing to cut a break-through, so that they might better obtain air. The coal, to a depth of about five feet, had been drilled and shot from the face of this entry, presumably the day or evening before, and was then lying on the floor of the entry and extended back from the face for a distance, given by several witnesses, of twenty-five feet. There is also evidence that there were no

props set in this entry to support the roof; that the roof was full of slips; that the roof was bad all along the entry; that the mine boss had been told, two days before the accident, that some of this rock was liable to fall; that the easterly edge of the rock that fell was about eight feet from the face of the coal; that there was not, in this entry, any break-through, and the miners had to pass under this bad roof to get to their work at the face of the coal; that there were no props on hands at the working place of the miners in this entry, to prop said roof; that the mine boss had not been in this entry to inspect it for two weeks before the accident. It also appears that on the day he was injured the appellee had been directed to take up and remove some stone which had fallen from the roof in said entry, and that while at said work suffered the injuries of which he now complains; that for several days men had been at work daily in this entry driving the face of the same about five feet per day.

It is first insisted that appellee was injured as a result of his own negligence, in sitting down under the rock that fell and injured him. This defense, 1. the appellant is debarred from making, having rejected the Workmen's Compensation Act (Acts 1915 p. 392, §§11 and 12, §80201 *et seq.* Burns' Supp. 1918).

Appellant also insists that appellee was injured by one of the assumed risks of his employment, and cites a number of authorities to sustain that proposi- 2. tion. The authorities cited however are not controlling under the facts disclosed by the evidence in this case. If it should be conceded that appellee did assume the usual risks and dangers incidental to the *place* of his employment, he certainly did not assume the added dangers consequent upon the failure of appellant to do its plain statutory duty. *Noe* v. *Shoal*

*Creek Coal Co.* (1917), 207 Ill. App. 615; *Smith* v. *Stover Mfg. Co.* (1917), 205 Ill. App. 169; *Strom* v. *Postal Telegraph-Cable Co.* (1916), 200 Ill. App. 431.

Appellant next complains of the action of the court in giving certain instructions. It objects to instructions numbered 7, 9, 13, 14, 15 and 16, given by the court of its own motion, and to the refusal of the court to give instructions numbered 4 and 19, tendered by the appellant.

Appellant says of instruction No. 7, "It was misleading because it authorized a recovery, on the negligence pleaded in the complaint. This charge of negligence was insufficient, in that it omitted a vital element of the statute limiting the requirement of the mine boss to visit the working places every alternate day, when the miners are or should be at work." Appellant also says of said instruction: "This charge was insufficient as pleaded, because it omits that portion of the statute which requires a visit on every alternate day," etc. It also says: "Said instruction authorized a recovery upon an insufficient charge of negligence."

The charge of negligence referred to, is based upon the provisions of §8580 Burns 1914, Acts 1905 p. 65, which so far as material hereto is as follows,—

"The mine boss shall visit and examine every working place in the mine, at least every alternate day * * *, and shall examine and see that each and every working place is properly secured by timbering and that the safety of the mine is assured. He shall see that a sufficient supply of timbers is always on hand at the miner's working place. He shall also see that all loose coal, slate, and rock overhead wherein miners have to travel to and from their work, are taken down or carefully secured. Whenever such mine boss shall have an unsafe place reported to him, he shall order

and direct that the same be placed in a safe condition; and until such is done no person shall enter such unsafe place except for the purpose of making it safe.    *    *    * As soon as such unsafe place has been repaired to the approval of said mine boss, he shall then give permission for the men to return to work therein, but no person shall return to work therein until such repairs have been made and permission given.    *    *    *."

One of the allegations of negligence in the complaint was,—"That defendant carelessly and negligently failed and refused by its mine boss to visit said entry and working place of plaintiff aforesaid for *more than four days* prior to plaintiff's injury."    (Our italics.)

This charge in the complaint was much broader than the statute, and it necessarily follows that if the mine boss had not visited said working place for more than four days, that he did not visit such working place at least each alternate day.    We certainly therefore conclude that appellant was not harmed by said instruction. As to this charge of negligence, it was more favorable to appellant than it had a right to demand.

It is next urged that the court erred in giving its ninth and sixteenth instructions.  It is insisted that said sixteenth instruction withdrew from the jury the question of whether said rock which fell and injured appellee, could have been taken down and the place thus made safe.    This argument proceeds upon the theory that if said rock could have been taken down, it was the business of appellee to do so, and that therefore the issue of the negligence of appellee in this matter was before the court.    Granting that said rock could have been taken down, and the place thus rendered safe, and that it was the duty of appellee to take down said rock, yet, his failure to take the same down was merely, at most, contributory negligence, of which the appellant cannot avail itself.    As applied to the

issues and the evidence, we see nothing erroneous in either of said instructions.

Instructions Nos. 13 and 14, are also objected to, as withdrawing from the jury the question of appellee's negligence and his assumption of risk. What we have heretofore said disposes of this contention also.

Instruction No. 15 was based upon the duty of appellant to keep constantly on hand at the working place of the miners a sufficient supply of timbers, as required by §8580, *supra,* and was a correct statement of the law.

We have already held that the complaint contained a sufficient charge of negligence in regard to the failure of the mine boss to visit the working places in said mine, and this holding disposes of appellant's contention as to its requested instructions Nos. 4 and 19. The court did not err in refusing said instructions.

Appellant finally urges that the court erred in sustaining an objection to a question propounded to appellee, on cross-examination. He was asked if he could not easily have taken down props in some other rooms, and used them to prop the roof of the entry in question. This was entirely immaterial. The statute fixed and declared the duty resting upon appellant. If it failed to comply with the statute, it was guilty of negligence, as a matter of law. The statute required a supply of timbers to be kept always on hand *at the working place of the miners,* and the fact that such timbers as might be needed, could be obtained by the workmen from other abandoned rooms, by taking them down, would be no defense as against a positive failure of such mining company to perform said statutory duty.

Taken as a whole, the instructions given were much more favorable to appellant than the law justifies. There is no error in this record of which it can complain. The judgment is affirmed.